1    **WO**

2

3

4

5                          IN THE UNITED STATES DISTRICT COURT

6                               FOR THE DISTRICT OF ARIZONA

7

8    Parviz Nikfikr,                    )    No. CIV-03-0924-PHX-MHM
9                                       )
              Plaintiff,                )    **ORDER**
10                                      )
     vs.                                )
11                                      )
                                        )
12   American Family Mutual Insurance Co., a)
     Wisconsin corporation ; American Family)
13   Insurance Group, a Wisconsin corporation,)
                                        )
14            Defendants.               )
                                        )
15   _____)

16          Currently before the Court is Defendant's Motion for Reconsideration (Dkt.#69) and

17   Plaintiff's Motion to Re-Open Limited Discovery.  (Dkt #73).   Having reviewed the papers

18   the Court issues the following Order.

19   **I.      Defendant's Motion for Reconsideration**

20          **A.      Standard of Review**

21          Motions for reconsideration are disfavored and are only appropriate if the Court "(1)

22   is presented with newly discovered evidence, (2) committed clear error or the initial decision

23   was manifestly unjust, or (3) if there is an intervening change in controlling law." School

24   Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993).  A

25   motion for reconsideration is not the place for the moving party to make new arguments not

26   raised in its original briefs.  Northwest Acceptance Corp. v. Lynnwood Equipment, Inc., 841

27   F.2d 918, 925-926 (9th Cir. 1988).  Nor is it the time to ask the Court to rethink what it has

28   already thought. United States v. Rezzonico, 32 F. Supp. 2d 1112, 1116 (D. Ariz. 1998).

**B.  Discussion**

Defendant seeks reconsideration of the Court's June 14, 2005 order regarding the parties' motions for summary judgment. (Dkt.#65).  In its order, the Court denied in its entirety Defendant's motion for summary judgment addressing Plaintiff's claims of breach of contract, bad faith and punitive damages.  In addressing Plaintiff's claim for punitive damages arising out of Defendant's handling of Plaintiff's claim for insurance coverage, the Court held:

> In regards to the punitive damages claim, although summary judgment solely as to punitive damages may be appropriate, "[t]he punitive damage "claim" and the bad faith claim are inextricably linked." Cf. Sisemore v. Farmers Ins. Co. of Arizona, 161 Ariz. 564, 566, 779 P.2d 1303, 1305 (App.1989) (determining that request for punitive damages was not a separate cause of action, and commenting "[p]unitive damages may not be awarded unless it is first found that the insurance company acted in bad faith. This is not a "claim" that can be enforced separately from the bad faith claim.").  The Court will await a determination of whether a punitive damages instruction is appropriate until Plaintiff has presented his evidence at trial.

Defendant now requests the Court to reconsider its position regarding Plaintiff's claim for punitive damages.  Defendant argues that the Court improperly concluded that it was not able to address the punitive damage claim because it concluded that Plaintiff's bad faith claim, which the Court held to possess a genuine issue of material fact, and Plaintiff's claim for punitive damages were "inextricably linked." To support its position, Defendant cites multiple authorities, both from Arizona and the Ninth Circuit, dismissing  punitive damage claims by themselves on summary judgment.  For instance, Defendant points the Court's attention to the Ninth Circuit's holding in Fontaine, M.D. v. Provident Mutual Life Ins. Co. of Philadelphia, 10 Fed.Appx. 415, 2001 WL275078 (9th Cir. 1991), where the Ninth Circuit court reversed the trial court's ruling granting summary judgment on plaintiff's claim of bad faith; however, affirmed the trial court's summary judgment ruling regarding plaintiff's claim for punitive damages.  Defendant uses this authority to exemplify that a blanket denial of summary judgment on a punitive claim merely because summary judgment was denied on a bad faith claim is improper.

1    A plain reading of the order reveals that the Court is well aware that it is able to grant

2    summary judgment on Plaintiff's claim of punitive damages. As noted above, the Court

3    stated in pertinent part that: "[i]n regards to the punitive damages claim,...summary judgment

4    <u>solely</u> as to punitive damages may be appropriate..." (emphasis added). Here; however,

5    because of the relationship between the bad faith claim and the punitive damage claim the

6    Court found that summary judgment was not appropriate. This determination is based upon

7    the overlapping evidence addressing Plaintiff's bad faith and punitive damages claims. For

8    instance, in reviewing the evidence relevant to Plaintiff's bad faith claim the Court found that

9    "[t]here are genuine issues of material fact regarding the extent of the pre-denial

10   investigation, the insurers state of mind, whether Plaintiff adequately pursued compensation

11   for his connective-tissue, and whether it was unreasonable for Defendant not to pay the claim

12   or make a settlement offer regarding Plaintiff's connective-tissue injury, precluding this Court

13   from making a determination on summary judgment." (June 14, 2005 order, p. 7). These

14   factors are also relevant to Plaintiff's punitive damages claim. <u>See</u> <u>Linthicum v. Nationwide</u>

15   <u>Life Ins. Co.</u>, 150 Ariz. 326, 331-32, 723 P.2d 675, 680-81 (Ariz. 1986) (holding that

16   punitive damages is based upon "evil mind" and aggravated and outrageous conduct).

17   The Court has already addressed the argument raised by Defendant. Therefore,

18   Defendant has not provided a sufficient basis for the Court to reconsider it ruling regarding

19   Plaintiff's punitive damages claim. <u>See</u> <u>Rezzonico</u>, 32 F. Supp. 2d at 1116.

20   **II.    Plaintiff's Motion To Reopen Limited Discovery**

21   On August 11, 2005, Plaintiff filed a Notice of Filing of Bankruptcy. (Dkt.#77).

22   Thus, pursuant to 11 U.S.C.A. § 362, the present action has been stayed. As such, the Court

23   will simply deny without prejudice Plaintiff's Motion to reopen limited discovery with leave

24   to refile should the automatic stay due to the current bankruptcy be lifted.

25   Accordingly,

26   **IT IS HEREBY ORDERED** denying Defendant's Motion for Reconsideration.

27   (Dkt.#69)

28

1

**IT IS FURTHER ORDERED** denying Plaintiff's Motion to Reopen Limited

2

Discovery.  However, Plaintiff will be granted leave to refile this Motion should the stay due

3

to the current bankruptcy be lifted.  (Dkt.#73).

4

DATED this 13th day of January, 2006.

5

6

7

8



9

10

Mary H. Murguia
United States District Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28